## AMERICAN EAGLE FIRE INS. CO. OF NEW YORK v. NEVINS.

No. 13324.

United States Court of Appeals
Fifth Circuit.

Dec. 26, 1950.

Richard E. Gray, Jr., Pinkney Grissom, Dallas, Tex., for appellant.

Earl R. Parker, Dallas Tex., for appellees.

Before HOLMES and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment against appellant in a suit brought by appellees,

under the extended coverage provisions of a Texas Standard Fire Insurance policy, for damages done to their building by a windstorm on May 31, 1949. The policy was dated April 29, 1948; it was issued by appellant to appellees, on a washateria owned by the appellees, and protected the insured against loss by windstorm, hurricane, hail, riot, civil commotion, smoke, aircraft, and land vehicles, in the sum of $5000. On or about May 31, 1949, while the policy was in full force and effect, the washateria was damaged by a windstorm. On June 10, 1949, appellees gave appellant due notice and proof of loss, and demanded payment by it of the sum for which the property was insured.

Appellant refused to pay, and suit was instituted by the appellees, in the court below for recovery of the amount under the policy. Appellant contended that appellees' loss, if any was due directly to high water or overflow (which was especially excepted from the extended coverage provisions of the policy) and that the policy did not cover the loss. The case was tried to the court without a jury, and the court found as a fact that the building was damaged by the direct action of the wind to the extent of $1750. The policy contained a $100 deductible clause, which, when applied in appellant's favor, left the sum of $1650 due by it, for which judgment was entered in favor of appellees. Appellant moved the court for a new trial and for judgment in its favor, on the ground that there was not substantial evidence to support the court's finding that the building was damaged by the direct action of the wind. The court overruled the motion, and this appeal followed. The only question presented to us on this appeal is whether there is sufficient evidence in the record to support the lower court's finding that the appellees did suffer a loss by windstorm, the loss for which judgment was entered. The policy provided as follows:

"Extended coverage—Windstorm, hurricane, hail, explosion, riot, civil commotion, smoke, aircraft and land vehicles.

"Conditions applicable only to windstorm, hurricane and hail: This company shall not be liable for loss * * * (b) by snowstorm, tidal wave, high water or overflow whether driven by wind or not; nor unless caused directly by hurricane, for any loss caused by rain, whether driven by wind or not, unless the wind or hail shall first make an opening in the walls or roof of the described building, and shall then be liable only for loss to the interior of the building, or the insured property therein, caused immediately by rain entering the building through such openings."

Substantial evidence established the facts that a strong wind or windstorm was blowing at the time the south wall of the insured building went down; that the wall fell in the direction in which the wind was blowing; and that the wall fell on the concrete floor of the building and remained there. The appellant stipulated with appellees the amount of damage to the south wall. The damage caused by the wind was the destruction of the south wall of the building, and the loss suffered by the appellees was the reasonable cost of restoring the south wall and the shoring up of the wall to the roof. We see no difficulty in separating the damage covered by the policy from that not covered, especially after the parties stipulated the cost of the south wall.

Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that findings of fact shall not be set aside unless clearly erroneous, and that due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The trial court found that the wind blew out the south wall of the insured building, and that the resulting loss to appellees amounted to $1750, less the deductible sum of $100 provided for in the policy. The court correctly rendered judgment for appellees in the sum of $1650. There is ample evidence in the record to support the trial court's findings of fact, and the findings support the judgment, which is affirmed.

Affirmed.